MilligaN, J.,
delivered tbe opinion of tbe Court.
This is a bill filed in tbe Chancery Court at Memphis, to set aside a judgment at law, by default, and for leave to make defense to tbe action at law.
The grounds of relief set up and relied on in tbe bill, are, that tbe notes upon which tbe judgment at law was predicated, were executed for tbe rent of a certain lot in tbe city of Memphis; and that shortly after tbe renting, tbe city was occupied by tbe United States military forces; and tbe defendant, Mount, from whom tbe property was rented, sympathizing with tbe Southern cause, followed its fortunes into tbe Gulf States. Tbe complainant remained in tbe city, and was loyal to tbe Government of tbe United States. Soon after tbe occupation of tbe city by tbe National troops, tbe property, under a mditary order, was seized as abandoned property, and tbe defendant compelled to attorn to, and pay rent to tbe military authorities. After the termination of tbe war, tbe defendant returned, and brought suit on the notes, upon which a judgment final, by default, was taken.
Tbe reason assigned in tbe bill for failing to defend tbe action at law, is substantially as follows: Tbe defendant alleges, that be is a foreigner by birth, and but little acquainted with tbe English language — he speaks it badly, and with difficulty comprehends it; and at tbe *62 time tbe process was served upon Mm, be was under the impression that the suit was at the instance of one Con-nel, instead of the defendant, with whom he had had a previous litigation, about a note executed to him under similar circumstances. Under this impression, he misled his attorneys, who, upon examination, failed to find any such suit pending in Court against the complainant, and, in consequence of which, no defense was put in, and a judgment by default, taken.
The answer substantially denies the grounds of relief relied on in the bill, and alleges the judgment by default was regularly taken, after full notice of the motion, on the motion docket, and that the complainant both speaks and understands the English language, with reasonable facility. The cause was heard on bill and answer, and dismissed by the Chancellor.
The rule of law in such cases, is well settled in this State. A party will not be aided by a Court of Chancery, after a trial at law, unless he can impeach the justice of the verdict, on grounds of which he could not have availed himself at law, or was prevented from doing so, by fraud or accident, or the act of the opposite party, unmixed with negligence or fraud on his part: Kearney vs. Smith, 3 Yer., 127. The general principle is sustained by an unbroken current of authority, in our own Reports, as well as those of our sister States. It is true, it has its exceptions and modifications, as in cases of equitable defenses: Galbraith vs. Menlin & Finly, 5 Hum., 50. But when the case is one of purely legal cognizance, the rule is imperative. The same rule applies to judgments by default, as to judgments founded on the verdict of a jury.
*63 Now, does this case fall within the rule ? We think it does, most clearly. There is no sufficient apology or excuse given, for not appearing and defending the action at law. The fact that the complainant did not understand the nature of the process, when it was served upon him, and misled his attorneys in consequence of it, in no sense exonerates him from using the necessary diligence to ascertain the true character of the process, and the name of the party in whose favor it was issued. He appears to have been a man of business, and a litigant in the Courts of Memphis, and he will not be allowed to stultify himself, now that he has suffered judgment by default to go against him, so far as to excuse himself from the exercise of the plainest diligence in attending to the commands of the writ with which he was served.
However availing his defense may have been, had he relied on it at law, is not necessary now to determine. It is clear, his right to have availed himself of it at law, was clear and unembarrassed; and having failed to do so, through his own negligence, he cannot now set it up in a Court of Equity.
The action of the Chancellor, in refusing the application to file the amended bill, after the hearing of the cause,' constitutes no error for which this Court would reverse. The new matter alleged, does not, we think, bring the case within the exceptions of the rule, which authorizes a Court of Chancery to relieve against a judgment at law, on the ground of accident.
The decree of the Chancellor must be affirmed, and the bill dismissed.